**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4274

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PRESTON T. JENKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (CR-03-485)

Submitted:  July 25, 2005          Decided:  August 25, 2005

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Leslie S. McAdoo-Brobson, LESLIE MCADOO, CHARTERED, Washington, D.C., for Appellant.  Paul J. McNulty, United States Attorney, Raymond E. Patricco, Jr., Stephen Campbell, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Preston T. Jenkins appeals his convictions and sentence for conspiracy to commit prostitution, in violation of 18 U.S.C. § 371 (2000), two counts of interstate transportation in furtherance of prostitution, in violation of 18 U.S.C. §§ 2421-22 (2000), and three counts of inducing travel for prostitution, in violation of 18 U.S.C. § 2422(a)(2000). While we affirm his convictions, we vacate his sentence and remand for resentencing.

Jenkins first contends the district court erred by denying his motion to suppress the evidence seized pursuant to a state search warrant. Specifically, Jenkins asserts that the transfer of the seized property to federal authorities constituted a second and unlawful seizure in violation of his Fourth Amendment rights. This court reviews the district court's factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004), cert. denied, 125 S. Ct. 867 (2005). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). We find the district court properly determined the property in question never lost its status as evidence, and because Jenkins failed to formally move for the return of his property as required by state law, he had no

right to the return of his property.  See Va. Code Ann. §§ 19.2-58, 19.2-60.  Accordingly, we find no error in the court's denial of Jenkins' motion to suppress, and affirm Jenkins' convictions.

Jenkins also contends that his sentence was imposed in violation of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).  Because Jenkins did not raise this claim in the district court, his sentence is reviewed for plain error.  See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights.  United States v. Olano, 507 U.S. 725, 731-32 (1993); Hughes, 401 F.3d at 547-48.  If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

After Jenkins filed this appeal, the Supreme Court issued United States v. Booker, 125 S. Ct. 738 (2005), holding that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  The Court remedied the constitutional violation

by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (2000) (requiring courts to impose a sentence within the applicable guideline range), and 18 U.S.C. § 3742(e) (2000) (setting forth appellate standards of review for guidelines issues), thereby making the guidelines advisory. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005)(citing Booker, 125 S. Ct. at 756-57). After Booker, courts must calculate the appropriate guidelines range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a) (2000), and impose a sentence. If a court imposes a sentence outside the guidelines range, the district court must state its reasons for doing so. Id. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. Id. at 547 (citing Booker, 125 S. Ct. at 769).

Here, according to the Presentence Report ("PSR"), Jenkins' base offense level was 14, pursuant to U.S. Sentencing Guidelines Manual § 2G1.1(a)(2). Jenkins then received a four-level increase for his role in the offense, pursuant to USSG § 3B1.1(a). Jenkins also received a two-level increase for obstruction of justice for threatening a prosecution witness, pursuant to USSG § 3C1.1, giving him an adjusted offense level of 20. Finally, Jenkins' offense level was increased to 25, to account for grouping of multiple victims under USSG § 3D1.4. In light of Booker, we conclude that

- 4 -

Jenkins' sentence was improperly enhanced based upon facts that were not proven to the jury and was imposed under the mandatory guidelines scheme, constituting plain error.[*] See Olano, 507 U.S. 725 at 731-32; Hughes, 401 F.3d at 546. We therefore affirm Jenkins' convictions, but remand for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Jenkins' sentencing.